1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  RICK MACDONALD, | Civil       12cv1785-WQH (BGS) No. |
| 12                              Plaintiff, | **ORDER GRANTING** |
| 13 | **DEFENDANT'S MOTION TO COMPEL DISCOVERY** |
| 14            v. | **RESPONSES AND REQUEST FOR** |
| 15  METROPOLITAN TRANSIT SYSTEM, ET AL,. | **SANCTIONS** |
| 16                              Defendant. | **[Doc. No. 23]** |

17

18 ## Introduction

19      Plaintiff filed a complaint alleging a number of claims stemming from an incident

20 that took place on October 15, 2011 at the Old Town Trolley station.  (Pl.'s Compl. at 4;

21 Doc. No. 1.)  Plaintiff contends that Defendants subjected him to excessive force, assault

22 and battery, false arrest, and violated provisions of the Americans with Disabilities Act.

23 (*See generally* Pl.'s Compl.)

24      The pending discovery dispute concerns Defendants' request for production of

25 documents that was served on January 18, 2013.  (Defs.' Mot. to Compel; Doc. No. 23-1

26 at 2.)  Plaintiff never responded to the request.  (*Id*.)  After following the undersigned's

27 chambers' rules regarding discovery disputes, counsel for Defendants filed the present

28 motion seeking to compel Plaintiff to produce discovery responses, without objection, to

Defendants' Requests for Production of Documents (Set One), and sanctions in the amount of $5,000.00. (*Id.* at 9.)  Plaintiff did not file an opposition to the motion to compel.

**Relevant Legal Standards**

The Federal Rules of Civil Procedure permit discovery requests that are "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).   Rule 34 allows a party to serve requests for the production of documents on any other party, so long as that request falls within the scope of Rule 26(b).  Fed. R. Civ. P 34(a).  The party who has been served with a request for production must respond or object to each request in writing within thirty (30) days of being served.  Fed. R. Civ. P 34(b)(2).  When the party does not respond within the time required, case law holds that the failure to make a timely objection to discovery requests "constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981); *Fonville v. Dist. of Columbia*, 230 F.R.D. 38, 42 (D. D.C. 2005) (referring to case law holding that the failure to timely object to a request for production of documents may be deemed a waiver) (citations omitted).

In addition, Federal Rule of Civil Procedure 37 provides a mechanism for a party to move for an order compelling disclosure or discovery if the other party fails to produce documents as requested under Rule 34.  Fed. R. Civ. P 37(a)(3)(B)(iv). Moreover, the party bringing the motion to compel is entitled to receive the reasonable expenses incurred in making the motion if the motion is granted or if the discovery is provided after the motion was filed.  Fed. R. Civ. P. 37(a)(5)(A).  Finally, Civil Local Rule 7.1.f.3(c) provides that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion."  Civ. L.R. 7.1.f.3.

**Analysis**

Defendants' Motion to Compel is proper because Plaintiff did not respond to

Defendants' Requests for Production.  The proof of service attached to Defendants' Request for Production of Documents (Set One) indicates that the requests were mailed to Plaintiff on January 18, 2013.  (Defs.' Mot. to Compel, Ex. A; Doc. NO. 23-3.).  Therefore, Plaintiff's response was due on February 22, 2013.  It is undisputed that Plaintiff had not responded to those requests by the time this motion was filed.  (Defs.' Mot. to Compel at 4.; Doc. No. 23-1.)  Plaintiff has not filed any papers opposing this motion.

Due to Plaintiff's complete failure to respond to Defendants' discovery requests, and in accordance with Federal Rules of Civil Procedure 34 and 37, as well as Civil Local Rule 7.1.f.3., the Court **GRANTS** Defendants' Motion to Compel.  Plaintiff is to produce responses, without objection, to Defendants' Requests for Production (Set One) no later than **April 29, 2013**.

Defendants further request that the Court extend the time to complete discovery for the purpose of taking Plaintiff's deposition after the discovery requested in this motion is produced.  (Defs.' Mot. to Compel at 7; Doc. No. 23-1.)  Defendants contend that the discovery requests were served in sufficient time to allow for responses prior to noticing and taking Plaintiff's deposition.  (*Id*.)  The Court hereby finds good cause to grant the request to extend time solely to allow Defendants to take Plaintiff's deposition after the documents are produced.  Accordingly, Defendants must notice, and Plaintiff must appear for, his deposition no later than **May 15, 2013**.

In addition, Defendants request that the Court further extend the discovery period to allow them to conduct any necessary follow-up discovery based on the information they receive from documents or Plaintiff's deposition.  (*Id*.)  At this time the Court denies Defendants' request without prejudice.  In the event the document production or deposition reveal that further areas of discovery are necessary, Defendants are invited to seek permission to conduct limited additional discovery at that time.

Finally, Defendants request sanctions in the amount of $5,000.  (Defs.' Mot. to Compel at 8; Doc. No. 23-1.) Defendants seek $2,300 to compensate them for the hours

counsel spent meeting and conferring on this issue and drafting the present motion. (*Id.*) The additional $2,700 is sought to "curb the abusive conduct in this case." (*Id.*)

The Court is inclined to grant, in part, Defendants' request for an award of sanctions. Rule 37 allows the recovery of "the movant's reasonable expenses incurred in making the motion, including attorney's fees." Therefore, the Court tentatively grants Defendants' request to recover their expenses incurred in drafting the instant motion. The time spent meeting and conferring will not be compensated because the meet and confer process is required before any party is permitted to file a motion to compel and that process often resolves discovery disputes in a timely and cost effective manner. Lastly, no sanctions will be imposed punitively, e.g., to curb future abusive conduct. Thus, the amount of monetary sanctions the Court tentatively grants is limited to $1,125.00—what is necessary to compensate Defendants for the 4.5 hours spent drafting the motion to compel. (See Defs.' Mot. to Compel at 8.) The fee is imposed on Plaintiff's attorney, not Plaintiff, because there is nothing in the record to suggest that the failure to respond was an act within Plaintiff's control.

Although Plaintiff's counsel has not opposed the present motion or the request for sanctions, Rule 37 provides that when a motion is granted, before the Court requires the attorney to pay the movant's reasonable expenses, an opportunity to be heard must be provided. Fed. R. Civ. P. 37(a)(5). As such, the Court hereby issues an **Order to Show Cause** why Plaintiff's counsel should not have to pay Defendants $1,125.00 to compensate them for filing this motion. If Plaintiff wishes to be heard and oppose the Order to Show Cause, she must file a response no later than **April 29, 2013.** The response must explain why Plaintiff's counsel should not be required to pay Defendants' reasonable expenses under the grounds provided in Rule 31(a) (5)(A)(i-iii).

**IT IS SO ORDERED.**

Dated: April 22, 2013

**BERNARD G. SKOMAL**
United States Magistrate Judge

4

12cv1785-WQH