UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK MACDONALD,<br><br>                             Plaintiff,<br><br>v.<br><br>METROPOLITAN TRANSIT SYSTEM, ET AL,.<br><br>                             Defendant. | Civil No.   12cv1785-WQH (BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXTEND TIME**<br><br>**[Doc. No. 35]** |

**Background**

   Plaintiff filed a complaint alleging a number of claims stemming from an incident that took place on October 15, 2011 at the Old Town Trolley station. (Pl.'s Compl. at 4; Doc. No. 1.) Plaintiff contends that Defendants subjected him to excessive force, assault and battery, false arrest, and violated provisions of the Americans with Disabilities Act. (*See generally* Pl.'s Compl.)

   The present dispute concerns Plaintiff's request to amend the scheduling order to extend the time to conduct discovery. (Pl.'s Mot. to Amend; Doc. No. 24.) Defendant opposes the request. (Defs.' Opp'n; Doc. No. 37.) Plaintiff filed a late reply brief. (Doc. No. 44.) The reply brief, however, does not address any of the Defendants' arguments, rather it seeks to reiterate counsel's personal issues that have impacted the progress of this case. (*Id.*)

The following facts are relevant to the dispute:

Plaintiff filed the complaint on July 19, 2012. (Compl.; Doc. No. 1.) On August 23, 2012 Defendants file a request to extend time by 30 days to file an answer. (Doc. No. 4.) Plaintiff strongly opposed the request, stating that a 30 day extension of time to respond to the complaint would be "prejudicial to the disabled victim," and states that he "will be prejudiced by what most likely will be an extensive delay as a result of unnecessary litigation." (Pl.'s Opp'n to Defs.' Mot. for Ext. at 5; Doc. No. 5.) Defendants filed their answer six days later, thereby rendering the ex parte request moot. (Doc. Nos. 6, 8.)

This Court set an Early Neutral Evaluation Conference ("ENE") to take place on October 11, 2012. The conference took place as scheduled and the Court issued dates and deadlines for the parties to complete a Rule 26(f) conference, exchange initial disclosures, and submit a joint discovery plan. (Doc. No. 11.) The Case Management Conference was scheduled to take place on November 28, 2012. (*Id.*) After the ENE, Plaintiff's lead counsel, Mary F. Prevost, filed a Notice of Association of Counsel. (Doc. No. 12.) On October 15, 2012, Ms. Adriane Bracciale was officially associated as co-counsel in the matter. (*Id*.)

On November 27, 2012, the day before the scheduled Case Management Conference, Plaintiff's counsel filed an ex parte motion seeking a continuance of the conference or cancellation of the conference because she would be traveling out of the state for a family funeral. (Doc. No. 13.) The Court granted the request and also informed the parties that pursuant to the Federal Rules of Civil Procedure, discovery could commence immediately because the parties had conducted their Rule 26(f) conference. The Case Management Conference took place on December 5, 2012 and the Court promptly issued a scheduling order setting all dates and deadlines in the case. (Doc. No. 17.) The order set the deadline for the completion of all fact discovery for March 28, 2013. (*Id.*) Expert identification was set for April 11, 2013 and the deadline to exchange expert witness' written reports was set for May 28, 2013. (*Id.*)

This Court first learned that Plaintiff had not conducted *any* discovery during a telephonic conference that was set because Defendants were having difficulties receiving responses to discovery requests and needed the Court's intervention in order to conduct the required meet and confer conference with Plaintiff's counsel. That conference call took place on March 26, 2013—two days before the fact discovery period was set to end. (Doc. No. 22.) Plaintiff was instructed to file a formal motion requesting that the schedule be modified. Plaintiff attempted to file the Motion to Continue Discovery and Amend the Scheduling Order on March 27 and 28, however, the motion was stricken for failing to comply with certain policies and procedures. (*See* Doc. Nos. 24, 26.) For the purposes of considering the request, the Court deems the request as filed before the discovery deadline passed. Thus, the inquiry is whether there is good cause to amend the schedule.

**Relevant Legal Standards**

Federal Rule of Civil Procedure 16 governs scheduling and overall case management. Fed. R. Civ. P. 16. The Rule specifically provides that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). The focus of the inquiry is on the moving party's reasons for seeking modification, "if that party was not diligent, the inquiry should end." *Id*.

**Analysis**

Plaintiff's lead counsel, Mary F. Prevost, admits that she has not engaged in discovery in this case. (Pl.'s Mot. at 6; Doc. No. 24-1, Prevost Decl. at ¶ 9.) The reason no discovery has been conducted is because Ms. Prevost had to spend at least 23 days in Baltimore to care for her now deceased father and to attend family funerals. (*Id*.) She

also states that she has chosen to prioritize other cases rather than conduct discovery in this action. (*Id*.) In addition, Ms. Prevost is medically not well and her ailment has hindered her ability to prosecute this action. (*Id* at 7.) To substantiate her medical issues, Plaintiff filed a letter from a treating physician under seal. (*Id*.)

In her motion and declaration, Ms. Prevost mentions that she sent out one subpoena for records from the paramedic company that was at the scene of the incident in this matter. (Prevost Decl. at ¶ 9.) Defendants, however, were never served with a copy of the subpoena, thus it is not clear that the subpoena was in fact issued. (Defs.' Opp'n at 5; Doc. No. 37, Sherman Decl. at ¶ 5.) Ms. Prevost also does not specify when the subpoena was prepared and served. The other discovery that Plaintiff's counsel states is "ready" includes subpoenas to the California Division of Occupational Health and Safety Administration, Emergency Medical Services for records not sought in the initial subpoena, San Diego Animal Service Department, National Railroad Passenger Association. (Prevost Decl. at ¶ 9.) Counsel also intends to draft a subpoena to the San Diego Police Department, as well as Requests for Production of Documents and Interrogatories. (*Id.*) In her reply brief and declaration, counsel does not mention whether this discovery has been served or if the Requests for Production and Interrogatories are now drafted. (*See* Doc. No. 44.) Further, Plaintiff's counsel does not request a specific amount of time to complete the outstanding discovery. Instead, counsel vaguely requests that the Court amend the schedule to enlarge the time to complete fact, as well as expert discovery. (Pl.'s Mot. at 7.)

Also of note is that the motion, accompanying declaration and reply make no mention of co-counsel, Adriane Bracciale and why she has not assisted in conducting discovery in this matter. Ms. Bracciale has been counsel on this matter since the commencement of discovery, yet there is no explanation of what prevented her from diligently attempting to comply with the schedule.

Defendants oppose any extension of discovery and unnecessary prolonging of this litigation. (Defs.' Opp'n; Doc. No. 37.) Defendants point out, and this Court agrees, that

in addition to Plaintiff not proceeding with any diligence in conducting discovery, Plaintiff has not been diligent or cooperative when responding to Defendants' discovery requests. (*Id*. at 3-4, 5; *see also* Order Granting Defs.' Mot. to Compel; Doc. No. 42.) In fact, Plaintiff's lack of diligence in responding to discovery and in engaging in meet and confer sessions, resulted in this Court needing to intervene on three occasions. (Doc. Nos. 18, 22, 40.) Defendants contend that they will be prejudiced if an extension is granted. (Defs.' Opp'n at 7.) Specifically, Defendant Transit Systems Security will suffer prejudice by delay because the company was sold in April 2012 and as a result, it is difficult to locate witnesses and gain their cooperation because they are no longer employed by the company. (*Id.*) The company's owner is "attempting to wrap up his affairs" and this litigation is one of the main outstanding issues. (*Id*.)

Counsel was not diligent in trying to meet the deadlines imposed by the schedule, and she was not even diligent in making the request to continue and amend the schedule. Surely counsel knew at least as early as March 1, 2013, that she had no way of meeting the deadlines imposed in this case, yet made no attempt to seek relief until the eleventh hour. When counsel did make the request, she did not follow Chambers' Rules and first seek to meet and confer and attempt to resolve the issue by garnering Defendants' agreement. (Defs.' Opp'n at 6.)

While the Court is sympathetic to the rash of family deaths and concurrent health problems counsel has faced during the pendency of this action, these circumstances do not excuse the failure to exercise due diligence in prosecuting the case. Discovery commenced in December and counsel declares that she was only out of the state for a total of 23 days of the entire four month discovery period, yet did not draft and serve subpoenas, or propound documents requests and interrogatories to Defendants. Further evidencing Plaintiff's lack of diligence is that after opposing counsel granted her extensions to respond to outstanding discovery, Plaintiff's counsel still did not meet the extended deadlines and also did not return opposing counsel's phone calls seeking a meet and confer regarding the outstanding discovery. (Defs.' Mot. to Compel at 2; Doc.

No. 23, Ex. B; Doc. No 23-3.)

Also troubling to this Court is the fact that counsel admits to being in depositions and trials in other matters, yet wants this Court to wholly excuse the lack of diligence in meeting this Court's deadlines. (*See* Defs' Mot. to Compel, Exs. A, B, D; Prevost Reply Decl. ¶ 5; Doc. No. 44-3.) Although counsel states that her criminal matters take "precedence" to this matter and thus, this case along with several of counsel's other civil cases "have been placed in jeopardy," that explanation does not establish diligence and good cause. (Prevost Reply Decl. ¶ 5; Doc. No. 44-3.) And it surely does not explain why co-counsel has not taken on the laboring oar in this matter so that it would not be neglected while Ms. Prevost's criminal matters take precedence.

Finally, counsel did submit documentation that she is suffering from a medical condition that has negatively impacted her ability to do discovery in this matter. (Doc. No. 31.) Without getting into the specifics of the condition, the Court does not find that the doctor's declaration supports a determination that there was good cause for counsel to do essentially no work on this case during the discovery period. The declaration does not state that counsel was unable to work or that she was instructed to cease working entirely. (*Id.*) Rather, it states that counsel was advised to lessen her burden and hours at the office. (*Id.*) It appears that could have been done by allowing co-counsel to handle at least some discovery in this case.

For all of the reasons addressed above, Plaintiff has failed to demonstrate he diligently pursued discovery in the time allotted. This finding ends the Court's inquiry of whether to grant leave to amend the scheduling order to re-open discovery. *Johnson*, 975 F.2d at 609 (explaining "the inquiry should end" for a lack of diligence); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of motion to modify schedule where the plaintiff failed to "demonstrate diligence in complying with the dates set by the district court"). Plaintiff is incorrect in asserting that a request to modify a schedule is governed by the excusable neglect standard. (Pl.'s Mot. to Amend at 5; Doc. No. 24-1.) "An attorney's excusable neglect does not constitute, for

the purposes of Rule 16(b)'s requirements, good cause shown." *Arnold v. Kruse*, 232 F.R.D. 58, 65 (W.D. N.Y. 2004) (citing *Carnite v. Granada Hospital Group, Inc.,* 175 F.R.D. 439, 447 (W.D. N.Y. 1997).

Despite the complete lack of diligence in all respects, this Court is loathe to prejudice the client, Mr. MacDonald for his counsel's decision to place his case on the back burner. And while it has long been held that a party to litigation "is deemed bound by the acts of his lawyer-agent" and the Supreme Court itself has allowed the dismissal of a case for failure to prosecute when the attorney litigated the case in a dilatory fashion, this Court will grant a limited extension of discovery in order for counsel to conduct some discovery so that this case may be decided on its merits. *See Link v. Wabash R. Co.,* 370 U.S. 626, 633-34 (1962). The Court extends discovery for both parties by an additional 30 days.

Accordingly, fact discovery must be completed no later than **May 29, 2013**. "Completed" maintains the definition set forth in the original scheduling order. Expert witness written reports must be exchanged by **June 28, 2013** and any supplemental expert reports regarding evidence intended solely to rebut or contradict evidence on the same subject matter identified in an expert report submitted by another party must be exchanged no later than **July 11, 2013.** All expert discovery must be concluded no later than **August 12, 2013.** The last day to file all motions, other than motions in limine and motions to amend or join parties must be filed no later than **September 9, 2013**. No other dates or deadlines are modified.

**Conclusion**

For the foregoing reasons, Plaintiff's motion to amend the scheduling order is **DENIED in part and GRANTED in part**. The dates set forth above identify the amended deadlines for the completion of discovery and filing substantive motions.

///

///

///

Counsel must proceed with diligence and complete outstanding discovery in the time allotted.

**IT IS SO ORDERED.**

DATED: April 30, 2013

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court